to be distributed among share-holders, that have already been subjected to taxation, shall not be considered taxable as net profits", whence it is logically to be inferred that these earnings, upon being paid into the reserve fund and before their distribution, among the share-holders, have in all probability paid their proportion of the tax.

Wherefore, the decision of the Treasurer of Porto Rico, dated August 23, 1900, being in conformity with the provisions of the Regulation that govern the assessment, administration and collection of the tax on industrial and commercial enterprises, the action prosecuted by "La Luz Eléctrica" against the Administration should be dismissed.

In view of the legal provisions cited, and the judment rendered by the Court of Administrative Litigations, of Madrid, March 3, 1896, we adjudge that we should reverse, and do reverse the judgment appealed from, and dismiss the complaint filed against the Administration by Ramón Valdés, acting as representative of the stock company known as "Luz Eléctrica", without special imposition of costs.

Justices Hernández, Figueras, Sulzbacher and MacLeary, concurred.

---

## EX PARTE CLOY.

### APPLICATION for a writ of Habeas Corpus.

No. 13.—Decided June 18, 1903.

COMMITMENT—DEFECTS.—A commitment for the imprisonment of an accused person which is not authorized by the judgment for the execution whereof it is issued and does not accord therewith, is substantially defective and therefore void.

#### STATEMENT OF THE CASE.

From the evidence taken it appears that by an order of the District Court of San Juan, a commitment was issued on June 8, 1903, to the warden of the jail of this city, directing him to take into his custody the accused, John Cloy, convicted of petit larceny and sentenced to six months imprisonment in jail in default of payment of the fine, and

multa que le fué impuesta, cuya cuantía no se expresa; mientras que la sentencia dictada por el expresado Tribunal, en el mismo dia 8 de los corrientes, demuestra que John Cloy fué declarado culpable del delito comprendido en el Art. 438 del Código citado y por ello se le condenó á la pena de seis meses de cárcel y en las costas.

Abogados del peticionario: *Sres. Anderson y Robbins.*

Abogado del Pueblo: *Sr. del Toro, (Fiscal.)*

costs, the amount thereof not being stated, while the judgment rendered by the aforesaid court on the same day, to-wit, on June 8, 1903, shows that John Cloy was convicted of an offense included in section 438 of the Penal Code, for which he was sentenced to be imprisoned in jail for the period of six months with costs.

Messrs. *Anderson* and *Robbins*, for petitioner.

Mr. *del Toro*, *Fiscal*, for the People.

## Opinion of the Court.

The commitment issued for the imprisonment of John Cloy and the judgment giving rise thereto, do not agree, for according to the former, John Cloy was convicted of petit larceny which, under section 431 of the Penal Code, is punishable by fine not exceeding five hundred dollars, or by imprisonment in jail, not exceeding one year, or both, at the discretion of the court, while said judgment convicts John Cloy of a crime included in section 438 of said Code, it being therefore clear that the commitment is substantially defective because, while issued for the execution of the judgment rendered against John Cloy, it does not agree with the text of said judgment and, moreover, aforesaid commitment, considering the terms in which it is written, is not authorized by the judgment for the execution whereof it was issued.

The commitment in question being substantially defective, and not authorized by any provision of the judgment in which it originates, John Cloy should be discharged pursuant to paragraphs 3 and 6 of section 483 of the Code of Criminal Prochdure, and his bail bond cancelled. The discharge of John Cloy is hereby ordered, and also the cancellation of the bond furnished by him for the purposes of the *habeas corpus* proceedings.

Chief Justice Quiñones, and Justices Hernández, Figueras and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.